## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Agreement") is entered into as of August 15, 2017 between Plaintiff, ISAAC ALVAREZ (hereafter "Alvarez"), and Defendants, CATERED FIT CORP, a Florida corporation ("Catered Fit") and ADAM M. FRIDEN ("Friden") (Catered Fit and Friden, sometimes hereafter "Defendants"), as follows:

### Recitals

WHEREAS, Alvarez was an employee of Catered Fit; and

WHEREAS, Alvarez filed an action in the United States District Court for the Southern District of Florida styled *Isaac Alvarez v. Catered Fit Corp, a Florida Corporation and Adam A. Friden, an individual, jointly and severally,* Case No. 0:16-cv-62262-WPD (the "Lawsuit"), which asserted claims for unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207; and

WHEREAS, Defendants have denied the material allegations of the Complaint; and

WHEREAS, the parties by this Agreement desire to amicably resolve the Lawsuit and all other matters between them.

NOW, THEREFORE, in consideration of the mutual promises and covenants between the parties, the sufficiency of which is hereby acknowledged, Alvarez and Defendants hereby agree to the following Terms and Conditions:

### Terms and Conditions

1. **Recitals.** All the foregoing Recitals are true and correct and are incorporated as part of these Terms and Conditions.

2. **Payment.** In consideration of the promises of Alvarez as set forth

*TLV1 626028147v2*

1

**EXHIBIT A**

herein, Defendants hereby agree to pay Plaintiff the total sum of One Thousand Two Hundred and Five Dollars and 40/100 ($1,205.40) (hereafter, the "Payment"), which shall be issued to the Peterson Legal P.A. Trust Account and delivered to Peterson Legal, P.A. on or before September 1, 2017. Plaintiff's counsel shall provide a W-9 as a condition to receiving the Payment. In addition, Defendants agree to pay Alvarez's reasonable attorneys' fees and costs in an amount to be agreed upon between the Parties or to be determined by the Court.

3. **No further compensation; full recovery under the FLSA.** Alvarez acknowledges and agrees that other than Payment and the consideration set forth in paragraph 2 above, no further compensation, wages, damages, benefits or other monies are owed to Alvarez by Defendants either in connection with this lawsuit or arising out of his employment with Catered Fit. Alvarez further acknowledges that he has reviewed the records regarding his employment with Catered Fit, and confirms and acknowledges that he has received full satisfaction of his FLSA wage claims, including a separate and equal amount of liquidated damages.

4. **Dismissal of Lawsuit.** The parties agree that upon execution of this Agreement, the parties shall file a Joint Motion for Approval of this Agreement, which shall not reveal any details of the Payment and which shall request that the Agreement be reviewed by the Court *in camera,* and that the case be dismissed with prejudice upon payment of the last installment with the Court to retain jurisdiction to enforce this Agreement, with each side to bear its own costs and attorneys' fees.

5. **Mutual Releases.** In consideration for the promises contained in this Agreement, Alvarez, his personal representatives, heirs and assigns ("Alvarez Parties")

unconditionally release, discharge and covenant not to sue Defendants, their respective personal representatives, heirs and assigns, parent, subsidiary and affiliated entities, directors, officers, partners, members, agents, insurers and employees ("Defendant Parties"), from and for any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which the Alvarez Parties ever had, now have, or may have against the Defendant Parties up to the date of this Agreement, including but not limited to any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Defendant Parties committed prior to the date of this Agreement, including but not limited to all claims, demands, liabilities, and causes of action by Alvarez under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistleblower's Act of 1991; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof; and any and all claims and causes of action founded in tort, contract (oral, written or implied) or any other common law,

3

statutory or equitable basis of action. This Release also includes all claims which were, or which could have been, asserted in the Lawsuit.

In consideration for the promises contained in this Agreement, Defendants, their respective personal representatives, heirs and assigns, parent, subsidiary and affiliated entities and insurers ("Defendant Parties") unconditionally release, discharge and covenant not to sue Alvarez, his personal representatives, heirs and assigns ("Alvarez Parties"), from and for any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which the Defendant Parties ever had, now have, or may have against the Alvarez Parties up to the date of this Agreement, including but not limited to any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with, Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Defendants resulting from any act or omission by or on the part of the Alvarez Parties committed prior to the date of this Agreement, including but not limited to all claims, demands, liabilities, and causes of action by Defendants under any and all laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof; and any and all claims and causes of action founded in tort, contract (oral, written or implied) or any other common law, statutory or equitable basis of action.  This Release includes any and all claims by Defendants regarding any damage allegedly caused to Defendants' vehicles by Alvarez.  This Release also includes all claims which were, or which could have been, asserted in the Lawsuit.

6. **Confidentiality.**  Alvarez covenants and agrees to keep this Agreement and

4

its terms and conditions, collectively and individually, totally confidential and from the date of this agreement forward, and he shall not in any manner or for any reason disclose its terms or conditions without the express written consent of Defendants except, (a) to his attorneys and accountants, both of whom shall be informed of and be bound by the provisions of this paragraph; (b) as may be required by government agencies, such as the Internal Revenue Service; and (c) pursuant to court order or subpoena compelling such disclosure. Should either party or their representatives receive any such subpoena or court order compelling disclosure, that party shall immediately notify the other party by notifying James A. Peterson via email at James@PetersonLegal.com for Peterson Legal, P.A., 401 East Las Olas Blvd, Suite 130-550, Fort Lauderdale, Florida 33301, if for the Plaintiff, and Ronald M. Rosengarten at Greenberg Traurig, P.A., 333 S.E. 2nd Avenue, Suite 4400, Miami, Florida 33131, if for the Defendants, so either party may have the opportunity to interpose an objection. Upon inquiry regarding this matter, except as compelled by subpoena or order of a court, the parties shall state only that the disputes between them were amicably resolved.

7. **Non-Disparagement.**  The parties agree not to make any disparaging or negative comment to any other person or entity regarding the other party or its representatives, officers or directors, and agrees not to suggest or encourage that any other person bring an action against the other party. For the purpose of this provision, Catered Fit Corp's representatives shall be limited to Adam Friden.  Defendants agree to provide Alvarez a neutral employment reference should there be any request(s) for references from third parties.

8. **Invalidity.** If any provision of this Agreement is invalidated by a

5

court of competent jurisdiction, then all of the remaining provisions of this Agreement shall remain in full force and effect, provided that both parties may still effectively realize the substantial benefit of the promises and considerations conferred hereby.

9. **Construction.** The parties acknowledge that each party has reviewed and revised this Agreement, and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party, shall not be employed in the interpretation of this Agreement.

10. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties hereto with respect to the matters set forth herein and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection with the matters herein. Any agreement to amend or modify the terms and conditions of this Agreement must be in writing and executed by the parties hereto.

11. **Non-admission of liability.** Neither this Agreement nor anything contained herein shall constitute or is to be construed as an admission by Defendants or Alvarez as evidence of any liability, wrongdoing, or unlawful conduct. The parties acknowledge that this Agreement has been entered into by the parties to avoid the costs and expenses of continued litigation and to settle disputed claims.

12. **Waiver of Employment or Re-Employment.** Alvarez waives any and all rights to employment or re-employment with any of the Defendant Parties as defined in paragraph 5 above. In the event Alvarez seeks employment or re-employment with any of the Defendant Parties in violation of this paragraph, the Defendant Parties are not obligated to employ or re-employ Alvarez.

13. **Governing law; attorneys' fees.** This Agreement shall be governed by and

6

*TLV1 626028147v2*

construed in accordance with the laws of the State of Florida without regard to principles of conflicts of law. The parties further agree that venue for any dispute under this Agreement shall be in Miami-Dade County, Florida. Further, in any action to enforce the terms of this Agreement, the prevailing party shall be entitled to recover its attorneys' fees and costs.

14. **Sufficient time to review.** Alvarez acknowledges and agrees that he has had sufficient time to review this Agreement and to consult with anyone he chooses regarding this Agreement, that he has a right to consult with legal counsel regarding this Agreement and has, in fact, been represented by counsel in this matter and regarding this Agreement, and that he has received all information he requires from Catered Fit in order to make a knowing and voluntary release and waiver of all claims against the Catered Fit Released Parties as set forth in paragraph 5 above.

15. **Headings.** The headings are for the convenience of the parties, and are not to be construed as terms or conditions of this Agreement.

16. **Counterparts.** This Agreement may be signed in counterparts, all of which shall constitute one agreement. For the purposes of finalizing the Agreement, any signature page delivered by email or facsimile transmission shall be treated in all manner and respects as an original document.

_____
ISAAC ALVAREZ

[SIGNATURES CONTINUE ON NEXT PAGE]

CATERED FIT CORP., a Florida Corporation

By: Adam Friden

Its: CEO

ADAM M. FRIDEN

9